IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>JOSEPH DAVIS,<br><br>Petitioner,<br><br>v.<br><br>GREGORY SCHWARTZ, Warden,<br>Pickneyville Correctional Center,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>) No. 11 C 2998<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

In 1997, Davis was convicted in state court in a bench trial of attempted murder and aggravated kidnapping and was sentenced to a 20 year term on the kidnapping and a concurrent extended 50 year term for attempted murder. Davis was convicted based on evidence showing that in a dispute over money Davis took part in forcing a victim into the trunk of a car, pouring gasoline on the victim, and lighting

1

the victim on fire.

Davis appealed his conviction and on March 11, 1999, the state appellate court affirmed the conviction. Davis did not file a petition for leave to appeal (PLA) to the Illinois Supreme Court on his direct appeal. On October 15, 2007, Davis filed a *pro se* petition for relief from judgment, which was denied by the trial court on April 10, 2008. Davis did not appeal the denial in a timely fashion and the Illinois Appellate Court denied Davis' motion for leave to file a late notice of appeal. Davis then filed a PLA with the Illinois Supreme Court which was denied on September 30, 2009. On June 1, 2010, Davis filed a state *habeas corpus* complaint in state court, which was dismissed on July 29, 2010. Davis appealed the dismissal, but subsequently moved to dismiss his own appeal. There is no indication in the record that Davis filed any other post-conviction or collateral attacks on his conviction. On May 3, 2011, Davis filed the instant petition for writ of *habeas corpus* (Petition) pursuant to 28 U.S.C. § 2254 (Section 2254 Petition). Respondent moves to dismiss the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Respondent argues that the Petition is untimely and that there is no basis to equitably toll the limitations period.

I. Untimely Filing

Respondent argues that the Petition is untimely and the limitations period should not be equitably tolled. The statute of limitations for a Section 2254 Petition is provided in 28 U.S.C. § 2244(d) (Section 2244(d)), which states the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In the instant action, the Illinois Appellate Court affirmed Davis' convictions on March 11, 1999, and he did not file a PLA. Thus, Davis' conviction became final under Section 2244(d)(1)(A) twenty-one days later on April 1, 1999 when the time for the filing of a PLA expired. Davis thus had until April 1, 2000, to file a 2254 Petition. Even when considering the mailbox rule for *pro se* inmate filings, Davis mailed the Petition to the court in this case on April 28, 2011,

4

which was well past the limitations period.

Davis argues that the conclusion of his collateral review occurred later, but Section 2244(d)(1)(A) explicitly provides that the limitations period runs from the conclusion of the "direct review." *Id.* The filing by Davis of his petition for relief from judgment in 2007 did not toll the limitations period since at that point the statute of limitations for his Petition had already long since expired. Thus, the filing of the Petition in this case in May 2011, was clearly untimely. Nor has Davis provided any basis to show that the statute of limitations should have been equitably tolled under the equitable tolling doctrines. *Lee v. Cook County, Ill.*, 635 F.3d 969, 972 (7th Cir. 2011)(stating that "[a] litigant is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing")(internal quotations omitted)(quoting in part *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010)). Davis has not shown that he has been diligently pursuing his Petition or that extraordinary circumstances prevented him from filing his Petition in a timely manner. Therefore, Respondent's motion to dismiss is granted.

II. Merits of Petition

The court notes that even if the Petition had been timely, it would have been

denied on its merits. Davis presents the following claims in his Petition: (1) his custodial statement was the result of duress and coercion by police, (2) the prosecutor relied on perjured testimony in proving the State's case, (3) the trial court abused its discretion on disbelieving testimony presented by Davis (4) the trial court erred by admitting the transcript of an unavailable victim, (5) the trial court erred at sentencing by giving excessive weight to an aggravating factor, (6) the trial court erred by failing to hold a hearing to assess whether Davis' trial counsel was competent, (7) the trial court improperly sentenced Davis to an extended term sentence, and (8) there is a conflict between certain state statutes dealing with sentencing credits and supervised release. Davis, however, has not pointed to evidence of coercion by police, and Davis has not shown that there was insufficient evidence to convict him in the absence of his statement. Davis acknowledges in his Petition that there were witnesses presented by the State that implicated him in the crime. Also, although Davis contends that some witnesses did not testify truthfully and committed perjury, Davis has not shown that the prosecutor relied on any perjured testimony or that the court could not have reasonably believed such testimony. Nor has Davis shown that it was unreasonable for the trial court to disbelieve certain testimony presented by Davis at trial.

Davis contends that his trial counsel was not competent and argues that the

trial court should have conducted a hearing to evaluate his counsel, but Davis has not shown that his trial counsel acted outside the scope of effective assistance of counsel. Also, most of the decisions criticized by Davis involved tactical decisions for which counsel is given deference. *See, e.g., United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011)(indicating that "review of an attorney's tactical decisions is highly deferential"). Nor has Davis shown that the trial court erred in any manner in sentencing Davis to an extended sentence based on the serious crime involving the brutal burning of the victim. Finally, Davis contends that he was denied his right to confrontation because the court admitted into evidence a transcript of testimony of the victim since the victim was not available for trial. (Pet. 17). Davis argues that he had a constitutional right to confront in court and cross-examine his accuser. (Pet. 17). Davis has not shown that any of his constitutional rights were violated by the absence of the victim at the trial. *See, e.g., Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010). The court also notes that the record indicates that Davis was not able to confront the victim face-to-face at trial because of Davis' own heinous actions in causing such severe harm to the victim. According to the Illinois Appellate Court, at the time of Davis' trial, his victim was in a coma at one point and was still living in a nursing home due to the injuries he received as a result of the incident. (Ex. A 2).

  Davis has not presented any evidence relating to any of the above claims that

shows that his conviction or sentence resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that his conviction or sentence resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Thus, even if the Petition were timely, it lacks any merit.

## CONCLUSION

Based on the foregoing analysis, Respondent's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 6, 2011