# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2998 | **DATE** | 11/9/2011 |
| **CASE TITLE** | Joseph Davis (K-60509) vs. Gregory Schwartz | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's petition for a rehearing, which the court will liberally construe as a motion to alter or amend judgment [23] is denied. Petitioner's petition for writ of habeas corpus ad testificandum [21] is denied as moot.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Petitioner Joseph Davis' (Davis) *pro se* petition for a rehearing, which the court will liberally construe as a motion to alter or amend judgment. This matter is also before the court on Davis' Petition for Writ of Habeas Corpus Ad Testificandum.

Federal Rule of Civil Procedure 59(e) (Rule 59(e)) permits parties to file, within twenty-eight days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

On October 6, 2011, the court dismissed Davis' petition for writ of *habeas corpus* brought pursuant to

**STATEMENT**

28 U.S.C. § 2254 (Section 2254 Petition). In dismissing the Section 2254 Petition, the court held that the Section 2254 Petition was untimely and that Davis had not provided any basis to show that the statute of limitations period should have been equitably tolled. (Dkt. 18, 4-5). In addition, the court noted that even if the Section 2254 Petition had been timely, it lacked any merit. (Dkt. 18, 7-8).

In the instant motion, Davis argues that he was prevented from timely filing the Section 2254 Petition due to some confusion regarding the attorney representing him on direct appeal. Davis also makes numerous arguments regarding the sufficiency, consistency, and reliability of the testimony given at trial. For example, Davis contends that the police reports were inconsistent with the victim's testimony, and that certain witnesses were under the influence of drugs and alcohol or committed perjury. In addition, Davis argues that evidence presented in a recent trial against a former Chicago Police Commander constitutes newly discovered evidence that warrants the granting of the instant motion. According to Davis, such evidence establishes that certain police detectives falsified police reports in his case, tortured him, and put a case on him. Even when liberally construing Davis' motion for reconsideration, Davis has not presented any new arguments or evidence that could not have been presented earlier, nor has Davis shown that the court erred in dismissing his Section 2254 Petition. Therefore, the court denies the instant motion. Davis' Petition for Writ of Habeas Corpus Ad Testificandum is denied as moot.