Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2998 | **DATE** | 12/15/2011 |
| **CASE TITLE** | Joseph Davis (K-60509) vs. Gregory Schwartz, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's request for a certificate of appealability is denied. Petitioner's motion for leave to proceed in forma pauperis [26] is denied as moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Joseph Davis' (Davis) request for a certificate of appealability. On October 6, 2011, the court denied Davis' petition for a writ of *habeas corpus* (Petition) brought pursuant to 28 U.S.C. § 2254. On October 18, 2011, Davis filed a *pro se* petition for a rehearing, which the court liberally construed as a motion to alter or amend judgment. On November 9, 2011, the court denied the motion. On December 13, 2011, Davis filed a notice of appeal relating to both the court's denial of the Petition and the court's denial of the motion to alter or amend judgment.

Pursuant to Federal Rule of Appellate Procedure 4, "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Pursuant to Federal Rule of Appellate Procedure 4(a)(4), if a party files a motion to alter or amend the judgment under Rule 59, "the time to file an appeal runs . . . from the entry of the order disposing of the . . . motion." Fed. R. App. P. 4(a)(4). In addition, pursuant to Federal Rule of Appellate Procedure 4(c)(1), "[i]f an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing," as evidenced by "a

| STATEMENT |
|---|

declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Fed. R. App. P. 4(c)(1). A district court is authorized to extend the deadline for filing a notice of appeal "if: . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). The court denied Davis' motion to amend or alter judgment on November 9, 2011, and the court's order was entered on that date. Davis therefore had until December 9, 2011 to file a notice of appeal relating to the court's rulings. Davis' notice of appeal was filed on December 13, 2011. Although Davis is presently incarcerated, Davis' filing does not include any information making Federal Rule of Appellate Procedure 4(c)(1) applicable. In addition, Davis has not filed any motion for an extension of time to file a notice of appeal. Therefore, Davis' appeal is untimely.

Although Davis' appeal is untimely, even if Davis had filed the appeal in a timely fashion, to the extent that it operates as a request for a certificate of appealability, the court would deny the request. *See West v. Schneiter*, 485 F.3d 393, 394-95 (7th Cir. 2007)(stating that "[a] notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application"). If a court denies a petition for writ of *habeas corpus* and the petitioner wishes to appeal, thereby challenging the decisions made by the state trial courts, the petitioner must first attempt to obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). When a petitioner's request is premised solely upon the filing of a notice of appeal, the petitioner "is hard put to meet the statutory standard. . . ." *West*, 485 F.3d at 394-95 (stating that "[a] notice of appeal does not give reasons, and a silent document rarely constitutes a substantial showing of anything")(internal quotations omitted).

In denying the Petition, the court concluded that, based on 28 U.S.C. § 2244(d)(1)(A), the Petition was filed after the statute of limitations period had expired and that Davis had not shown that the statute of

| STATEMENT |
|---|

limitations period should be equitably tolled with respect to the Petition. Davis has not shown that reasonable jurists could debate whether the Petition should have been resolved differently on that issue and has not shown that the issue deserves encouragement to proceed further on appeal.

In addition, the court also concluded that even if the Petition had been timely, it lacked merit. Davis argued in the Petition that his custodial statement was the result of duress and coercion by police, that the prosecutor relied on perjured testimony in proving the State's case, and that the trial court abused its discretion in disbelieving testimony presented by Davis. As indicated in this court's prior ruling, Davis did not point to sufficient evidence of coercion by police, nor show that there was insufficient evidence to convict him in the absence of his statement. In addition, the court found that Davis failed to show that the prosecutor relied on any perjured testimony by State witnesses, that the court could not have reasonably believed the testimony of State witnesses, or that it was unreasonable for the trial court to disbelieve certain testimony presented by Davis at trial. Davis has not shown that reasonable jurists could debate whether the Petition should have been resolved differently on that issue and has not shown that the issue deserves encouragement to proceed further on appeal.

Davis also argued in the Petition that he was denied his right to confrontation because the court admitted into evidence a transcript of testimony of the victim, who was unavailable for trial. As indicated in this court's prior ruling, Davis failed to show that any of his constitutional rights were violated by the absence of the victim at the trial. The record is clear that the victim was unavailable at the time of the trial as a direct result of the injuries he sustained during the commission of the crime. Based on the above considerations, Davis has not shown that reasonable jurists could debate whether the Petition should have been resolved differently on that issue and has not shown that the issue deserves encouragement to proceed further on appeal.

Further, Davis argued in the Petition that his trial counsel was not competent and that the trial court should have conducted a hearing to evaluate his counsel. This court concluded that Davis had not shown that his trial counsel acted outside the scope of effective assistance of counsel. Davis has not shown that reasonable jurists could debate whether the Petition should have been resolved differently on that issue and has not shown that the issue deserves encouragement to proceed further on appeal.

## STATEMENT

In addition, Davis argued in the Petition that the trial court erred at sentencing by giving excessive weight to an aggravating factor and by improperly sentencing Davis to an extended term sentence. This court concluded that Davis had not shown that the trial court erred in any manner in sentencing Davis to an extended sentence based on the serious crime involving the brutal burning of the victim. Davis has not shown that reasonable jurists could debate whether the Petition should have been resolved differently on that issue and has not shown that the issue deserves encouragement to proceed further on appeal.

Based on the above, Davis has not made a substantial showing of the denial of a constitutional right and has not shown that a certificate of appealability is warranted in this case. Thus, even if Davis had filed a timely appeal, the request for a certificate of appealability would be denied. In addition, based on the above, Davis' motion for leave to proceed on appeal *in forma pauperis* is denied as moot.