# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2998 | **DATE** | 1/24/2012 |
| **CASE TITLE** | Joseph Davis (K-60509) vs. Gregory Schwartz | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion for extension of time to file notarized statement or declaration and brief memorandum [33] is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    This matter is before the court on Petitioner Joseph Davis' (Davis) *pro se* motion for an extension of time to file a notarized statement or declaration. On October 6, 2011, the court denied Davis' petition for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2254 (2254 Petition). On October 18, 2011, Davis filed a *pro se* petition for a rehearing, which the court liberally construed as a motion to alter or amend judgment. On November 9, 2011, the court denied the motion. On December 13, 2011, Davis filed a notice of appeal relating to both the court's denial of the 2254 Petition and the court's denial of the motion to alter or amend judgment. To the extent that the notice of appeal operated as a request for a certificate of appealability, the court found the notice of appeal to be untimely pursuant to Federal Rule of Appellate Procedure 4. Davis, who is currently incarcerated, now requests in the instant *pro se* motion that the court grant him an extension of time to file a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement indicating that he deposited the notice of appeal into the prison's internal mail system before the time to appeal had expired, so as to make the notice of appeal timely under Federal Rule of Appellate Procedure 4(c)(1).

    The court has liberally construed the motion. In denying Davis' request for a certificate of

| STATEMENT |
|---|

appealability, not only did the court indicate that Davis' notice of appeal was untimely, the court also indicated that even if Davis' notice of appeal had been timely, to the extent that it operated as a request for a certificate of appealability, the court would have denied the request. *See West v. Schneiter*, 485 F.3d 393, 394-95 (7th Cir. 2007)(stating that "[a] notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application"). After examining the record in its entirety, the court concluded that Davis had not made a substantial showing of the denial of a constitutional right and had not shown that a certificate of appealability was warranted in this case. Since the court has already examined the merits of Davis' request for a certificate of appealability and concluded that a certificate of appealability would not be warranted in this case, Davis' request for an extension of time to file a notarized statement or declaration is denied as moot. In addition, to the extent that the instant motion could be considered a motion to reconsider, Davis has not shown that the court erred in denying Davis' request for a certificate of appealability based on the merits. Therefore, the instant motion is denied.